# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Scott Basterash, Carl R. Clark, in his capacity as Trustee in Bankruptcy for the estate of Larry D. Gasper, on behalf of himself and all others similarly situated, )<br>)<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MedX, Inc. MedX, LLC, Sean McDermott, and Eric Ellingson, )<br>)<br>)<br>Defendants. ) | Case No: 1:13-cv-07814 |

## MOTION TO DISMISS PURSUANT TO 12(b)(1)

Defendants MedX, Inc., MedX, LLC, (collectively, "Defendants")[1], through their attorneys, Synergy Law Group LLC, respectfully request this Court dismiss the Complaint filed by Scott Basterash ("Basterash") and Carl R. Clark in his capacity as Trustee in Bankruptcy for the estate of Larry D. Gasper (the "Trustee") (collectively "Plaintiffs"). In support of this Motion, Defendants state as follows:

### INTRODUCTION

The Trustee cannot act as a lead plaintiff in an Fair Labor Standards Act ("FLSA") collective action because his fiduciary duty to Gasper's creditors irreconcilably clashes with his duties as a lead plaintiff in this case. While the Trustee might have standing to bring an individual claim on behalf of Larry Gasper, he cannot have standing to bring a collective action under the FLSA. The Trustee's lack of standing is fatal to his claims here. Basterash also lacks standing, but for a different reason. He has not complied—and cannot comply—with the

---

[1] Defendants Sean McDermott and Eric Ellingson have not yet been served with summon sin this matter.

FLSA's requirement that an employee *file* a consent within a court mandated opt in period. Basterash failed to do so in Gasper's prior case (*Gasper I*, Case No. 12-cv-01728) before Gasper's Trustee was involved and failed to demonstrate to this court previously why he should be allowed to opt in after the opt in period expired. This case (*Gasper II*), which presumably is intended to pick up where *Gasper I* left off, should be dismissed as to the Trustee because it alleges a collective action, and Basterash should be dismissed outright.

## FACTUAL BACKGROUND

On October 13, 2013, Gasper filed his Complaint in *Gasper II*, which is nothing more than a refiling of *Gasper I* with identical allegations. Gasper corrected the fatal flaw in the prior lawsuit by inserting the Trustee here as the proper party plaintiff. Inexplicably, and despite this Court's prior refusal to allow Basterash to opt into the prior lawsuit, Basterash appears as a plaintiff in this case. Other than Basterash inserting himself into *Gasper II*, *Gasper I* and *Gasper II* are identical and involve a purported collective action under the FLSA (*Gasper II* Compl. at ¶¶ 1, 17–19), as well as an individual claim by the Trustee for an alleged retaliatory discharge of Gasper (*Gasper II* Compl. at ¶ 1).

This court dismissed *Gasper I* on August 27, 2013 based on the recent discovery that Gasper had previously filed for bankruptcy on April 25, 2012. Before dismissal, an enormous amount of discovery occurred.

During the pendency of *Gasper I*, the Parties engaged in extensive litigation, which included voluminous written discovery and document production. Gasper then filed his Motion for Conditional Certification on July 9, 2012. The Motion was granted over MedX, Inc.'s objection on September 12, 2012. Contact information for MedX Inc.'s service representatives was provided to Gasper's attorney, Kevin Dolley, who in turn provided notice of *Gasper I* to all

2

of the MedX, Inc. field service representatives, including Basterash. Only one field service representative, David Weaver, opted in to this suit before the court mandated opt in expiration of December 12, 2012.

After a failed attempt at mediation, deposition scheduling commenced, which included the scheduling of Gasper and Weaver's depositions, as well as the Fed. R. Civ. P. 30(b)(6) depositions for MedX, Inc. and MedX, LLC. Weaver withdrew his opt in consent on the eve of his deposition.

On July 10, 2013, Gasper filed a Motion to File a Second Amended Complaint, alleging that nearly seven months after the opt-in deadline, Plaintiff's counsel received a signed consent form from Basterash requesting to opt-in to *Gasper I*. (Docket No. 87, ¶ 8.) On that same day, Gasper filed a Motion for Leave to File Consent Form of Scott Basterash Out of Time. (Docket No. 88.) Defendants opposed both Motions and each was fully briefed.

On August 5, 2013, while these Motions were pending, Defendants deposed Gasper, during which Defendants discovered that he and his wife had jointly filed for Chapter 7 bankruptcy after he was terminated from MedX, Inc. Defendants investigated further and learned that Gasper's voluntary bankruptcy petition indicates that he and his wife filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Kansas on April 25, 2012. (*See also Gasper II* Compl. at ¶ 8). At the time of his bankruptcy filing, Gasper disclosed the pendency of *Gasper I* as a non-exempt asset in his petition for bankruptcy. (*See* Bankruptcy Petition, attached to this Motion as Exhibit A.)[2] Despite being aware of *Gasper I* since at least his interim report ending June 30, 2012 (attached as Exhibit B), the Trustee took no

---

[2] Federal courts may take judicial notice of proceedings in other courts "if the proceedings have a direct relation to matters at issue." *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983); *see also In re Leventhal*, 481 B.R. 409, 413 n.1 (N.D. Ill. 2012) ("The court may take judicial notice of bankruptcy and adversarial proceedings.").

steps to intervene in *Gasper I* at any time during its pendency. Moreover, Gasper's attorneys failed to alert Defendants or the Court of the pending bankruptcy before Defendants' independent discovery of the bankruptcy case on August 5, 2013.

After discovering the bankruptcy, and before either of Gasper's motions was decided, Defendants filed a Motion to Dismiss for Lack of Standing on August 20, 2013. (Docket No. 100.) Gasper filed a Response on August 26, 2013. (Docket No. 107.) A hearing was held on August 27, 2013, during which Defendants' Motion to Dismiss was granted, and both of Gasper's motions were denied as moot. (Docket No. 108.)

Shortly before *Gasper I* was dismissed, the Trustee filed an interim report for the period ending June 30, 2013 (attached to this Motion as Exhibit C), indicating that he valued the lawsuit at $25,000 and would pursue special counsel to represent the bankruptcy estate's interest in the claim. Approximately five weeks later, after *Gasper I* was dismissed, the Trustee filed a Motion to Appoint Special Counsel—Mr. Dolley's office—to prosecute the case (attached to this Motion as Exhibit D), which was granted the same day (*Gasper II* Compl. at ¶ 10).

## ARGUMENT

"A challenge of standing is a challenge to a court's subject-matter jurisdiction; standing is an essential jurisdictional requirement." *Conlon v. Sebelius*, 923 F. Supp. 2d 1126, 1130 (N.D. Ill. 2013). When evidence calls a party's standing into question, "'[t]he presumption of correctness that we accord to a complaint's allegations falls away,' and the plaintiff bears the burden of coming forward with competent proof that standing exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–45 (7th Cir. 2009) (citations omitted); *see also Warth v. Seldin,* 422 U.S. 490, 518 (1975) ("Once subject matter jurisdiction has been questioned, a plaintiff is required to demonstrate that he is a proper party."); *Zeglis v. Sutton*, 980 F. Supp. 958,

962 (N.D. Ill. 1997) (stating that, on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "the plaintiff has the burden of establishing that all jurisdictional requirements have been satisfied").

I.  **The Bankruptcy Trustee Does Not Have Standing to Pursue a Collective Action.**

The Trustee does not have standing to pursue this claim as a collective action.[3] The bankruptcy code makes clear that a bankruptcy trustee has a fiduciary duty to "collect and reduce to money the property of the estate for which such trustee serves and close such estate *as expeditiously as is compatible with the best interests of parties in interest*." 11 U.S.C. § 704(1) (emphasis added). For this reason alone, Mr. Clark cannot pursue a collective action. If he were allowed to, it would result in a breach of fiduciary duty to Gasper's creditors and the alleged collective because the Trustee cannot consider settlement offers made to Gasper individually without turning his back on the collective, and any attempts to proceed as the collective representative would necessarily prolong Gasper's individual resolution of this matter. These divergent interests simply cannot coexist, illustrating that the Trustee is not similarly situated to the class members as required by section 216(b)(1) of the Fair Labor Standards Act.

Although no court has squarely addressed whether a bankruptcy trustee can lead a FLSA collective action, at least one has suggested that a trustee would be an inappropriate lead plaintiff for just this reason. *See D'Aurizio v. Anderson Columbia Co.*, No. 3:11-cv-251-J-34TEM, 2011 WL 7789453 (M.D. Fla. Oct. 31, 2011) (acknowledging that FLSA claims on behalf of similarly situated plaintiffs "have no monetary value for the [Bankruptcy] Estate and do not automatically inure to it," and directing the parties to brief the issue). Additionally, it is well established that bankruptcy trustees are not, except in rare circumstances, fit to lead class action lawsuits under

---

[3] Defendants do not dispute that the Trustee can bring Gasper's individual claims. The court previously expressed concern about the Trustee bringing a collective action, an issue that, until now, was not ripe for determination.

Federal Rule 23. *See Dechert v. Cadle Co.*, 333 F.3d 801 (7th Cir. 2003) (finding the bankruptcy trustee unfit to lead a class because of the conflict of interest between duties owed to the estate's creditors and duties owed to the members of the class); *Griffith v. Javitch, Block & Rathbone, LLP*, 358 B.R. 338, 341–42 (S.D. Ohio 2007) ("a Chapter 7 trustee is not an adequate representative for a class of non-debtors, even if the class includes the debtor"). The well-reasoned analysis in cases like *Dechert* and *Griffith* serves as reliable confirmation of the analysis contained in *D'Aurizio*. Certainly, there is nothing within the structure of the FLSA that suggests any reason why a bankruptcy trustee would be a proper party under the FLSA.

While there are differences between Rule 23 class actions and FLSA collective actions, those differences do not present a distinction here. As one court has noted, "[t]he relevant analysis in *Dechert* is not the Seventh Circuit's interpretation of Rule 23, but the court's conflict of interest analysis. *Dechert* stands for the proposition that a bankruptcy trustee acting as a class representative has a fiduciary duty to the estate that conflicts with his or her fiduciary duty to other members of the class." *In re Thompson*, No. 10-381-GPM, 2010 WL 4065421, at *4 (S.D. Ill. Oct. 15, 2010). The *Thompson* Court borrowed the Rule 23 conflict of interest analysis to hold that a bankruptcy trustee was not an appropriate punitive class representative under an 11 U.S.C. § 327 application to employ counsel analysis. *Id.* That same conflict of interest is present in the FLSA context where the trustee's fiduciary duty to "expeditiously" close the estate conflicts with his duties to the non-debtor collective members. 11 U.S.C. § 704(a)(1).

Here, the Trustee has already assumed a fiduciary duty to Gasper's creditors. He cannot also assume a duty to lead a FLSA collective because he necessarily is not similarly situated to the alleged collective. Carl R. Clark, as Gasper's bankruptcy Trustee, thus has no standing to represent other members of the collective.

6

**II.      Basterash Does Not Have Standing to Pursue Claims in this Lawsuit.**

Basterash does not have standing to be a plaintiff in this lawsuit because he has not complied with the mandates established by the FLSA. His claims should be dismissed under either FRCP 12(b)(1). Section 216(b) of the FLSA establishes two requirements for a representative action: (1) the plaintiffs must actually be "similarly situated"; and (2) all plaintiffs must sign and file a written affirmative consent to participate in the action. 29 U.S.C. § 216(b). Basterash cannot fulfill either requirement.

First, Basterash is not similarly situated to the Bankruptcy Trustee, as stated above. Second, Basterash did not file a consent in *Gasper I* within the opt-in period. Although his counsel filed a motion for leave to file his late consent, this Court denied the motion as moot. Basterash cannot erase the fact that he did not timely file a consent in *Gasper I* by simply adding his name to *Gasper II*. There is no plausible explanation that would allow Basterash to circumvent requesting permission to add himself as a plaintiff in *Gasper II* since he never obtained permission in *Gasper I* (and indeed there was ample evidence provided to this court to support denying Basterash's participation in *Gasper I*).

Moreover, because this case is a refiling of *Gasper I*, Basterash must follow the general rules for joinder in another party's lawsuit irrespective of the FLSA's consent requirements. *See De Malherbe v. Int'l Union of Elevator Constructors*, 438 F. Supp. 1121 (N.D. Cal. 1977) (stating that putative classes are "parties" within meaning of Rule 21, which requires leave of court to add "parties" at any stage of the action).

It is undeniable that he has never filed a timely consent. Basterash conveniently ignores the entirety of the *Gasper I* proceedings and seeks to insert himself into *Gasper II* as if this court granted his July 2013 request to file an untimely consent. In reality, this court denied that

request as moot in light of *Gasper I*'s dismissal.[4]  Basterash cannot create standing by simply adding his name to a case caption.  Moreover, Basterash is prohibited from now filing a consent because he is unable to show his delay was in any way justified.  (*See* Docket No. 91, ¶ 6.)  Basterash's claims should therefore be dismissed.

## CONCLUSION

In this continuation of *Gasper I,* neither named Plaintiff has standing to pursue this case as a collective action, and Basterash should not be involved at all.  The trustee should be limited to proceeding in this case on Gasper's individual claims, and Basterash's claims should be dismissed in their entirety.

Dated:  December 20, 2013

Respectfully Submitted,

MedX, LLC, Sean McDermott, Eric Ellingson, and MedX, Inc., Defendants.

By: /s/ Joseph L. Kish
    One of Their Attorneys

Joseph L. Kish – jkish@synergylawgroup.com
Aleksandra M. S. Vold – avold@synergylawgroup.com
Synergy Law Group, L.L.C.
730 West Randolph St., 6th Floor
Chicago, Illinois 60661
Phone: (312) 454-0015
Fax: (312) 454-0261

---

[4] *Gasper I's* dismissal also rendered moot Defendants' Motion for Sanctions based on the fact that Gasper improperly proceeded with a collective action when he should not have in light of his April 25, 2013 bankruptcy.  This issue is now ripe for the Court's consideration, which Defendants will bring in a separate motion at a later date.

**CERTIFICATE OF SERVICE**

 The undersigned certifies that a copy of the foregoing Motion to Dismiss Pursuant to 12(b)(1) was served electronically through CM/ECF on December 20, 2013 on all counsel of record.

                By: /s/ Joseph L. Kish
                 One of Defendants' Attorneys

Joseph L. Kish-jkish@synergylawgroup.com
Synergy Law Group, L.L.C.
730 West Randolph St., 6th Floor
Chicago, Illinois 60661
Phone: (312) 454-0015
Fax: (312) 454-0261