IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SCOTT BASTERASH**, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 13 C 7814 |
| **MedX, INC.**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This morning's hearing in this putative collective action under the Fair Labor Standards Act ("FLSA") addressed several issues, including defendants' motion for sanctions against Larry Gasper ("Gasper") for having filed an earlier and totally unauthorized lawsuit on his own after he had voluntarily filed for Chapter 7 bankruptcy (that filing of course had converted Gasper's contingent claim into one that could be advanced only by the trustee of his bankruptcy estate and not by Gasper individually). Another facet of the hearing dealt with the question whether that individual FLSA claim, now properly being pursued by Carl Clark ("Trustee") as the bankruptcy trustee for Gasper's estate, could also be advanced by Trustee on behalf of other potential or actual opt-in plaintiffs in connection with the conditional or final certification of such a group.

In that last respect defense counsel have urged that a bankruptcy trustee's action in such a representative capacity would pose conflict-of-interest issues, because the trustee's fiduciary duty is to maximize the estate assets and to do so promptly -- responsibilities that would assertedly be very much at odds with the trustee's investing time and some estate assets in the essentially speculative effort in which representative plaintiffs engage. In response the special counsel appointed by the Bankruptcy Court to represent Trustee's interest in pursuing the bankruptcy

estate's claim and perhaps the opt-in claims -- the latter being contrary to the position that defense counsel had supported with caselaw references -- pointed to one aspect of our Court of Appeals' opinion in Espenscheid v. DirectSat USA, LLC ("Espenscheid I"), 688 F. 3d 872, 877 (7th Cir. 2012). This Court has looked into the matter and speaks in this memorandum order to the legal question involved.

Espenscheid I, id. said that incentive awards may have a place in collective actions under the FLSA just as they do in class actions under Fed. R. Civ. P. ("Rule") 23. Trustee's counsel relies on that statement to assert that the potential for such an award creates the possibility of enhancing the bankrupt estate and thus assertedly supports the propriety of the Trustee acting as a representative plaintiff as well as in the estate's own individual interest. That position involves some imaginative thinking -- but unfortunately the later history of the Espenscheid case itself really undercuts that notion. What Espenscheid I actually held was that the motion of defendants there to dismiss the plaintiffs' right to appeal the order of decertification that the District Court in that case had ordered should be denied. But thereafter the sequel to that decision ("Espenscheid II," 705 F. 3d 770 (7th Cir. 2013)) decided the appeal by upholding the District Court's decertification.

What that case demonstrates graphically, then, is that investing a bankrupt estate's resources in pursuing a representative claim as well as the estate's own individual claim is strictly a gamble: After all, the possibility of an incentive award if a collective action is certified and if the claims are ultimately successful is defeated entirely by the prospect of decertification and the consequent failure of the putative collective action. As Espenscheid I, 688 F. 3d at 877 put it in

likening collective actions to Rule 23 class actions, in the event of decertification "the unnamed class members go poof and the named plaintiffs' claims revert to being individual claims."

In this Court's view, trustees in bankruptcy (like any other trustees) are not authorized to gamble with the assets that they are administering on behalf of their cestuis que trust. Unless counsel for the Trustee here can come up with something better, this Court rejects Trustee's effort to act as a representative plaintiff (a ruling that does not of course impair Trustee's ability to pursue his individual claim).

_____
Milton I. Shadur
Senior United States District Judge

Date: January 31, 2014