# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release ("Agreement") is executed by Scott Basterash, Carl R. Clark, not individually but in his capacity as Trustee in Bankruptcy for the estate of Larry D. Gasper, and Larry D. Gasper (collectively, "Plaintiffs"), on the one hand, and Arcsine, Inc. f/k/a MedX, Inc., Arcsine, LLC f/k/a MedX, LLC, Sean McDermott, and Eric Ellingson (collectively, "Defendants") on the other (collectively, the "Parties").

In this Agreement, the "MedX Releasees" refers to Defendants and their and past, present and future parents, subsidiaries, predecessors and successors and all of their past, present and future directors, members, officers, shareholders, trustees, insurers, employees, agents, servants, attorneys, and representatives.

In this Agreement, the "Plaintiff Releasees" refers to Scott Basterash and all of his past, present and future trustees, heirs, assigns, insurers, employees, agents, servants, attorneys, and representatives, Carl R. Clark and all of his past, present and future trustees, heirs, assigns, insurers, employees, agents, servants, attorneys, and representatives, and Mr. Larry D. Gasper and all of his past, present and future trustees, heirs, assigns, insurers, employees, agents, servants, attorneys, and representatives.

## RECITALS

**WHEREAS** Larry D. Gasper filed a Complaint in the United States District Court for the Western District of Missouri, docketed as Case No. 2:11-cv-04323 ("*Gasper I*"), which was later transferred to the United States District Court for the Northern District of Illinois, Eastern Division, docketed as Case No. 12-cv-1728, and later dismissed with leave to refile by Order of the Court on August 27, 2013;

**WHEREAS** Scott Basterash and Carl R. Clark refiled *Gasper I* in the United States District Court for the Northern District of Illinois, Eastern Division which was docketed as Case No. 13-CV-7814 ("*Gasper II*");

**WHEREAS** Defendants moved for and were awarded sanctions in the amount of $78,739.90 against Larry D. Gasper in *Gasper II* for Larry D. Gasper's actions in *Gasper I*;

**WHEREAS** the Parties mutually desire to settle any and all disputes between them, which settlement shall not be deemed or construed to be an admission of liability or wrongdoing by any Releasee;

**WHEREAS** Plaintiffs have been represented in *Gasper I and Gasper II* and in the negotiation of this Agreement by their attorney Kevin Dolley of the Law Offices of Kevin J. Dolley, LLC;

**WHEREAS** Defendants have been represented in *Gasper I and Gasper II* and in the negotiation of this Agreement by their attorneys Joseph L. Kish and Aleksandra M. S. Vold of Synergy Law Group, LLC;

**IT IS HEREBY AGREED** among the Parties as follows:

## TERMS

1. **Recitals.** The Parties hereby incorporate and verify the above Recitals in this Agreement.

2. **Releases.**

(a) Scott Basterash, for and in consideration of the undertakings of Defendants set forth in in this Agreement, and for other good and valuable consideration, and intending to be legally bound, does hereby REMISE, RELEASE AND FOREVER DISCHARGE, the MedX Releasees from all actions, lawsuits, claims and demands in law or equity ("Claims"), that he ever had, now has, or hereafter may have, whether known or unknown, from the beginning of time to the date of this Agreement, including, but not limited to, all claims asserted in the Lawsuit.

(i) This release includes but is not limited to all Claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act (COBRA), the federal Equal Pay Act, the United States Constitution, the Americans With Disabilities Act, the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act, Executive Orders 11246 and 11141, the Worker Adjustment and Retraining Notification Act, the Genetic Information Nondiscrimination Act, the Uniformed Services Employment and Reemployment Rights Act, the Occupational Safety and Health Act, the Illinois Human Rights Act, the Illinois Environmental Protection Act, the Illinois Worker Adjustment and Retraining Notification Act, the Illinois Wage Payment and Collection Act, the Illinois Minimum Wage law, the National Labor Relations Act, and any other federal, state or local law or ordinance, or any common law Claim under tort, contract or any other theories now or hereafter recognized.

(ii) This release includes Claims that Scott Basterash may have for any type of damages cognizable under any of the laws referenced above, including, but not limited to, any and all Claims for compensatory damages, punitive damages, and attorneys' fees and costs.

(iii) Except as described in Paragraph 3 below, Scott Basterash shall not bring a lawsuit against any of the MedX Releasees for any of the Claims described above.

(iv) Scott Basterash also agrees that this release should be interpreted as broadly as possible to achieve his intention to waive all of his Claims against the MedX Releasees.

(b) Carl R. Clark, for and in consideration of the undertakings of Defendants set forth in in this Agreement, and for other good and valuable consideration, and intending to be legally bound, does hereby REMISE, RELEASE AND FOREVER DISCHARGE, the MedX Releasees from all actions, lawsuits, claims and demands in law or equity ("Claims"), that he ever had, now has, or hereafter may have, whether known or unknown, from the beginning of time to the date of this Agreement, including, but not limited to, all claims asserted in the Lawsuit.

(i) This release includes but is not limited to all Claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act (COBRA), the federal Equal Pay Act, the United States Constitution, the Americans With Disabilities Act, the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act, Executive Orders 11246 and 11141, the Worker Adjustment and Retraining Notification Act, the Genetic Information Nondiscrimination Act, the Uniformed Services Employment and Reemployment Rights Act, the Occupational Safety and Health Act, the Illinois Human Rights Act, the Illinois Environmental Protection Act, the Illinois Worker Adjustment and Retraining Notification Act, the Illinois Wage Payment and Collection Act, the Illinois Minimum Wage law, the National Labor Relations Act, and any other federal, state or local law or ordinance, or any common law Claim under tort, contract or any other theories now or hereafter recognized.

(ii) This release includes Claims that Carl R. Clark may have for any type of damages cognizable under any of the laws referenced above, including, but not limited to, any and all Claims for compensatory damages, punitive damages, and attorneys' fees and costs.

(iii) Except as described in Paragraph 3 below, Carl R. Clark shall not bring a lawsuit against any of the MedX Releasees for any of the Claims described above.

(iv) Carl R. Clark also agrees that this release should be interpreted as broadly as possible to achieve his intention to waive all of his Claims against the MedX Releasees.

(v) This agreement and Carl R. Clark's duties and obligations hereunder are conditioned upon approval of this agreement by the United States Bankruptcy Court for the District of Kansas in Case. No. 12-21109.

(c) Larry D. Gasper, for and in consideration of the undertakings of Defendants set forth in in this Agreement, and for other good and valuable consideration, and intending to be legally bound, does hereby REMISE, RELEASE AND FOREVER DISCHARGE, the MedX Releasees from all actions, lawsuits, claims and demands in law or equity ("Claims"), that he ever had, now has, or hereafter may have, whether known or unknown, from the beginning of time to the date of this Agreement, including, but not limited to, all claims asserted in the Lawsuit.

(i) This release includes but is not limited to all Claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act (COBRA), the federal Equal Pay Act, the United States Constitution, the Americans With Disabilities Act, the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act, Executive Orders 11246 and 11141, the Worker Adjustment and Retraining Notification Act, the Genetic Information Nondiscrimination Act, the Uniformed Services Employment and Reemployment Rights Act, the Occupational Safety and Health Act, the Illinois Human Rights Act, the Illinois

Environmental Protection Act, the Illinois Worker Adjustment and Retraining Notification Act, the Illinois Wage Payment and Collection Act, the Illinois Minimum Wage law, the National Labor Relations Act, The Fair Labor Standards Act, and any other federal, state or local law or ordinance, or any common law Claim under tort, contract or any other theories now or hereafter recognized.

        (ii)    This release includes Claims that Larry D. Gasper may have for any type of damages cognizable under any of the laws referenced above, including, but not limited to, any and all Claims for compensatory damages, punitive damages, and attorneys' fees and costs.

        (iii)    Except as described in Paragraph 3 below, Larry D. Gasper shall not bring a lawsuit against any of the MedX Releasees for any of the Claims described above.

        (iv)    Larry D. Gasper also agrees that this release should be interpreted as broadly as possible to achieve his intention to waive all of his Claims against the MedX Releasees.

    (d)    Defendants, for and in consideration of the undertakings of Scott Basterash, Carl R. Clark, and Larry D. Gasper set forth in in this Agreement, and for other good and valuable consideration, and intending to be legally bound, do hereby REMISE, RELEASE AND FOREVER DISCHARGE, the Plaintiff Releasees from all actions, lawsuits, claims and demands in law or equity ("Claims"), that they ever had, now have, or hereafter may have, whether known or unknown, from the beginning of time to the date of this Agreement, including, but not limited to, all claims asserted in the Lawsuit. This release includes release and satisfaction of the judgment entered against Mr. Gasper in the amount of $78,739.90, entered by the Court on April 30, 2015.

    3.    **Claims Not Released.** Notwithstanding Paragraph 2 of this Agreement, it is understood and agreed that the following are not waived or barred by this Agreement: (a) Claims related to the validity or challenging the enforceability of this Agreement; (b) Claims by either party to enforce this Agreement; (c) Claims which cannot legally be waived; and (d) Claims filed under any state workers' compensation or unemployment law. Further, it is understood and agreed that Plaintiffs are not prohibited from communicating with or participating in any administrative proceeding before the Equal Employment Opportunity Commission, United States Department of Labor, or other federal, state or local law agency. Should any entity, agency, commission, or person file a charge, action, complaint or lawsuit against the MedX Releasees based upon any of the above-released Claims in Paragraph 2, Plaintiffs agree not to seek or accept any resulting relief whatsoever.

    4.    **Settlement Payment.**

    (a)    In full consideration of Plaintiffs entering into the promises made herein and on account of Plaintiffs' claims made in the Litigation, Arcsine, Inc. f/k/a MedX, Inc. will make the following "Settlement Payment" of Thirty-Five Thousand Dollars and No Cents ($35,000.00) paid as follows:

(i)   One check made payable to "Scott Basterash" in the amount of Twenty-four Thousand Dollars and Zero Cents ($ 24,000.00).

(ii)   One check made payable to "Carl R. Clark, as Trustee in Bankruptcy for the estate of Larry D. Gasper" in the amount of Four Thousand Dollars and Zero Cents ($ 4,000.00).

(iii)   One check made payable to "Law Offices of Kevin J. Dolley" in the amount of Seven Thousand Dollars and Zero Cents ($ 7,000.00).

(b)   The above-described checks will be delivered to Kevin Dolley, Esquire, Law Offices of Kevin J. Dolley, 2726 South Brentwood Blvd., St. Louis MO 63144, no later than seven (7) calendar days after counsel for Defendants, receives an originally executed copy of this Agreement and any necessary Form W-9s from each Plaintiff.

(c)   The preceding Settlement Payment describes valuable consideration to which Plaintiffs would not otherwise be entitled.

(d)   In addition, Defendants agree not to pursue collection of the judgment entered against Mr. Gasper in the amount of $78,739.90, entered by the Court on April 30, 2015.

(e)   The preceding Settlement Payment describes valuable consideration to which Defendants would not otherwise be entitled.

5.   **IRS Issues.** As required by law, Defendants will issue the appropriate IRS Form(s) W-2 and 1099 at the appropriate times. Defendants make no representations or warranties regarding any tax issues for any payment provided for in this Agreement, and Plaintiffs acknowledge that they have not relied upon any advice from Defendants concerning the tax liability, if any, for the amounts to be paid in this Agreement. Plaintiffs also acknowledge that they are responsible for all tax liability or consequences that may be assessed arising from the payment and characterization of these proceeds, and Plaintiffs agree to and do hereby indemnify and hold Defendants harmless against all tax liability, interest, and/or penalties Defendants may incur with respect to the tax treatment of these monies.

6.   **No Future Payments.** Except as set forth in this Agreement, it is expressly agreed and understood by the parties that Defendants do not have, and will not have, any obligation to provide Plaintiffs at any time in the future with any bonus or other payments, benefits, or consideration other than those set forth in Paragraph 4. Plaintiffs expressly acknowledges that no contributions from the Settlement Payment described in Paragraph 4, above, will be made to any Section 401(k) or pension plan sponsored by Defendants, nor will Defendants have any obligation to make any contributions to such plans because of or on account of the Settlement Payment. Plaintiffs understands that he is not otherwise waiving any entitlements under such plans that are provided by law or the terms of such plans.

7.   **Non-Admission.** Defendants and Plaintiffs agree and acknowledge that this Agreement is not to be construed as an admission by Defendants of any violation of any federal, state or local statute, ordinance or regulation, constitutional right, public policy, common law

duty or contractual obligation. Defendants specifically deny that they or any of the MedX Releasees engaged in any wrongdoing concerning Plaintiffs.

8. **Confidentiality as to this Agreement.** The Parties agree that the terms and conditions of this Agreement, the negotiations leading to this Agreement and the allegations of the Lawsuit shall remain strictly confidential and that they shall not disclose them to any person, outside of a spouse, tax advisor, accountant, or attorney after first obtaining that individual's agreement to keep the information confidential and not disclose it to others. For any breach of this provision the aggrieved party may obtain appropriate injunctive relief, actual damages, liquidated damages in an amount equal to any amounts paid pursuant to this Agreement, and reasonable attorney's fees expended in enforcing this provision. Notwithstanding the foregoing, Carl R. Clark may disclose this agreement and its terms only as necessary to obtain bankruptcy court approval of same.

9. **Non-Disparagement.** The Parties shall refrain from making any derogatory or disparaging statements about any party and any of the MedX or Plaintiff Releasees, or their business practices or operations, to any person or entity.

10. **Waiver.** If a party, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

11. **Enforcement.** If either party breaches any portion of this Agreement, the non-breaching party shall be entitled to the attorneys' fees and court costs incurred to enforce the Agreement. Any proceedings required to enforce this Agreement shall be subject to Illinois law and will be venued in Cook County, Illinois.

12. **Notice.** In the event of a breach, notice shall be served upon the following:

| For Plaintiffs: | For Defendants: |
|---|---|
| Kevin Dolley, Esquire<br>2726 South Brentwood Blvd., St. Louis MO 63144 | Joseph L. Kish, Esquire<br>Synergy Law Group, LLC<br>730 W. Randolph St.<br>Suite 600<br>Chicago, IL 60661 |

13. **Successor and Assigns.** This Agreement is binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal or legal representatives, successors and/or assigns.

14. **Severability.** If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, the remaining provisions shall not be affected thereby and shall remain in full force and effect.

15. **Integration and Modification.** This Agreement contains all of the promises and understandings of the parties. There are no other agreements or understandings except as set

forth in this Agreement, and this Agreement may be amended only by a written agreement signed by Plaintiffs and Defendants.

16. **Advice to Consult and Legal Representation.** Plaintiffs are advised to consult with legal counsel of their choosing, at their own expense, and acknowledges that they have consulted with their counsel regarding the meaning and binding effect of this Agreement and all of its terms before executing the Agreement

17. **Consideration Period.** Plaintiffs hereby acknowledges that they are acting out of their own free will and that they have been afforded a reasonable period of time within which to read and consider the terms of this Agreement. By signing and returning this Agreement, Plaintiffs acknowledge that they were afforded sufficient time to consider fully each and every term of this Agreement, including the general release set forth in Paragraph 2.

18. **Counterparts.** This Agreement may be executed in any number of counterparts and each such counterpart shall have the same force and binding effect as if executed by both parties.

19. **Acknowledgement.** Plaintiffs acknowledge that:

(a) Neither Defendants nor their agents, representatives or employees have made any representations to them concerning the terms or effects of this Agreement, other than those contained in the Agreement.

(b) They have the intention of releasing all Claims in exchange for the payments and other consideration described herein, which he acknowledges as adequate and satisfactory to them and in addition to anything to which they otherwise are entitled;

(c) They have been given a reasonable period of time to consider the terms of this Agreement;

(d) They have read this Agreement, have been advised to discuss and review it with their lawyer, and have discussed and reviewed it with their lawyers.

SCOTT BASTERASH

*Scott Basterash*

Date: 5/21/15

CARL R. CLARK

_____

Date: _____

LARRY D. GASPER

_____

Date: _____

ARCSINE, INC. f/k/a MEDX, INC.

By: _____

Title: PRESIDENT

Date: 8/25/15

ARCSINE, LLC f/k/a MEDX, LLC

By: _____

Title: VICE PRESIDENT

Date: 8/25/15

SEAN MCDERMOTT

_____

SCOTT BASTERASH

_____

Date: _____

CARL R. CLARK

*/s/ Carl R. Clark*

Date: 7-16-15

LARRY D. GASPER

_____

Date: _____

ARCSINE, INC. f/k/a MEDX, INC.

By: _____

Title: _____

Date: _____

ARCSINE, LLC f/k/a MEDX, LLC

By: _____

Title: _____

Date: _____

SEAN MCDERMOTT

*/s/ Sean McDermott*

Date: 8/18/15

ERIC ELLINGSON

Date: _____

[REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY]

SCOTT BASTERASH

_____

Date: _____

CARL R. CLARK

_____

Date: _____

LARRY D. GASPER

*[signature]*

Date: 07/24/2015

ARCSINE, INC. f/k/a MEDX, INC.

By: _____

Title: _____

Date: _____

ARCSINE, LLC f/k/a MEDX, LLC

By: _____

Title: _____

Date: _____

SEAN MCDERMOTT

_____

Page 8 of 9

Date: _____

ERIC ELLINGSON

_____/s/_____

Date: 7/28/15

[REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY]